**FRESE v. GASTON.**

No. 9282.

United States Court of Appeals
District of Columbia.

Argued March 5, 1947.

Decided May 19, 1947.

Mr. Samuel Barker, of Washington, D. C., with whom Mr. William R. Lichtenberg, of Washington, D. C., was on the brief, for appellant.

Mr. Joseph Luria, of Washington, D. C., also entered an appearance for appellant.

Mr. George P. Lemm, of Washington, D. C., for appellee.

Before STEPHENS, WILBUR K. MILLER and PRETTYMAN, Associate Justices.

PER CURIAM.

The appellant, Dany Frese, signed and delivered to the appellee, Nicholas J. Gaston, a real estate broker, what is termed a "listing card," which purported to authorize the appellee, for a period of 45 days after May 2, 1945, to sell appellant's restaurant and beverage inventory for $55,000, less a commission of 10 per cent. Among other notations on the card was the following: "Amount of stock (about) 7½ thous with sale." On or about June 5, 1945, the appellee tendered to the appellant a contract of sale, signed by a prospective purchaser, which contained the essential terms noted on the card.

The appellant refused to accept the contract so tendered. He claimed that it did not conform to the terms upon which he had employed the appellee to sell the property. He also claimed that the listing card had been altered after he signed it and, consequently, did not reflect the price and other conditions which he had authorized. He denied that he had employed the appellee to sell his restaurant and inventory at $55,000, subject to a commission of 10 per cent. His agreement was, he said, to sell at $50,000 net to him, plus the value of the inventory at the time of delivery to the purchaser, the appellee to have as compensation all he could get in excess of those figures.

There was evidence tending to show that, while Frese contended, when the contract of sale was tendered to him, that it was not in accordance with the listing, he thereupon offered, nevertheless, to sell the restaurant and inventory for $55,000 if the appellee would accept a commission of $1,500. The appellee refused, waited in vain until June 7 for Frese to sign the contract as offered, and then notified Frese that he claimed a commission of $5,500 for finding a purchaser according to the terms of the listing card, regardless of the fact that Frese denied those terms and refused to go through with a sale.

Frese declined to pay, and Gaston filed this suit in the District Court of the United States for the District of Columbia to re-

cover $5,500 as his commission. By finding a verdict for Gaston in the sum of $5,500, the jury in effect rejected Frese's contentions concerning the price at and the terms upon which he had placed his property in the hands of Gaston, and held him strictly to the terms shown on the listing card.

Frese appeals on the sole ground that the testimony concerning his offer to pay $1,500 as a commission should have been excluded for the reason that it was evidence of an offer in compromise and therefore inadmissible.

The contention must be denied. On the 5th of June, when the appellant suggested a commission of $1,500, the subject of discussion was the sale price, about which the parties were not in agreement. The question whether Frese was liable for a commission after refusing to make a sale had not then arisen and was not being discussed. The suggestion of $1,500 as the agent's compensation was merely a part of Frese's effort to find a mutually satisfactory middle ground between the two divergent conceptions of the original offer to sell. It was, to be sure, an attempt by Frese to compose a dispute; but the dispute then being discussed was not as to whether Frese then owed a claimed commission, but as to the terms and conditions upon which he had offered to sell the property.

If on or after June 7, when Gaston demanded $5,500 for finding a purchaser, Frese had denied liability but had offered to buy his peace by paying $1,500, his act in so doing would have been, in the true sense, an inadmissible offer in compromise. But that is not what took place. As we have said, in mentioning on June 5 a fee of $1,500, Frese was trying to adjust a difference between himself and Gaston as to the price at which he had offered to sell. The suggestion was incidental to Frese's effort to compromise their disagreement as to what the listing contract really was. The District Court did not err in admitting the challenged evidence.

Affirmed.